IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NO MORE FREEWAYS, CHRISTOPHER SMITH, ELIOT NEIGHBORHOOD ASSOCIATION, NEIGHBORS FOR CLEAN AIR, FAMILIES FOR SAFE STREETS, ASSOCIATION OF OREGON RAIL AND TRANSIT ADVOCATES, and BIKELOUD,<br><br>    Plaintiffs,<br> v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, UNITED STATES FEDERAL HIGHWAY ADMINISTRATION, and SHAILEN BHATT, Administrator of the Federal Highway Administration,<br><br>    Defendants. | Case No.: 3:24-cv-01311-AN<br><br>OPINION AND ORDER |

    Plaintiffs No More Freeways, Christopher Smith, Eliot Neighborhood Association, Neighbors for Clean Air, Families for Safe Streets of Oregon and Southwest Washington, Association of Oregon Rail and Transit Advocates, and BikeLoud PDX bring this action against defendants United States Department of Transportation ("USDOT"), United States Federal Highway Administration ("FHWA"), and Shailen Bhatt, administrator of FHWA, alleging that defendants' approval of the Interstate 5 Rose Quarter Freeway Expansion & Improvement Project violates the National Environmental Policy Act, the Administrative Procedure Act, section 4(f) of the United States Department of Transportation Act, and the Federal Highways Act.

    Defendant-intervenor Oregon Department of Transportation ("ODOT") now moves for leave to intervene as of right as a party defendant. Plaintiffs and the existing defendants do not oppose the motion. For the reasons that follow, the motion is GRANTED.

## LEGAL STANDARD

    Federal Rule of Civil Procedure ("FRCP") 24 governs the two forms of intervention:

intervention of right and permissive intervention. The court "must" permit to intervene of right any person who "is given an unconditional right to intervene by a federal statute" or who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A court "may" permit to intervene any person who "is given a conditional right to intervene by a federal statute" or who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Courts in the Ninth Circuit apply a four-part test when analyzing a motion to intervene of right:

> "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action."

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173) (internal citation and quotation marks omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene . . . as true absent sham, frivolity, or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Motions to intervene of right are construed "liberally in favor of potential intervenors[.]" *Id.* at 818 (citing *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995)).

## DISCUSSION

Defendant-intervenor argues that it is entitled to intervene as of right. Mot. to Intervene, ECF [12], at 4. The Court finds that defendant-intervenor satisfies the four-part test.

First, the motion is timely. Plaintiffs filed their complaint in August of 2024. The existing parties have not filed any motions, and the government has not yet produced the underlying administrative record. There is no prejudice to the existing parties from intervention at this stage of the litigation. Second, defendant-intervenor has a significantly protectable interest relating to the subject of the action. ODOT

collaborated with USDOT and FHWA on the proposed highway project at issue. ODOT has an interest in the management and use of roads and highways within the state of Oregon. Third, defendant-intervenor is situated such that disposition of the action may impair or impede its ability to protect that interest. Any decision rendered in this action may impact ODOT's road and highway work, including timelines and funding. *Id.* at 7. Fourth, defendant-intervenor's interest is not adequately represented by the current parties to the action. Although USDOT and FHWA worked on this project, ODOT is better positioned to explain impacts within the state of Oregon. Because defendant-intervenor satisfies the four-part test, the Court must permit it to intervene of right.

In the alternative, ODOT argues that it should be granted permissive intervention. *Id.* at 9. Because the Court finds that defendant-intervenor may intervene of right, it declines to reach this argument.

## CONCLUSION

For the foregoing reasons, defendant-intervenor Oregon Department of Transportation's Motion to Intervene, ECF [12], is GRANTED. Defendant-intervenor is directed to file its answer forthwith.

IT IS SO ORDERED.

DATED this 14th day of February, 2025.

_____
Adrienne Nelson
United States District Judge